# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE P. NWANDU, CDC #T-44183,<br><br>   Plaintiff,<br><br>vs.<br><br><br><br>V. BACH, A. CASTILLO, A. DAVILA, M. TAYLOR ,<br><br>   Defendants. | CASE NO. 06CV0999-LAB (WMc)<br><br>**ORDER MODIFYING REPORT AND RECOMMENDATION, SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION, AND ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER RE: AMENDED COMPLAINT** |

   On September 28, 2007, the Court issued an order granting in part and denying in part Defendants' motion to dismiss certain claims. Plaintiff on October 29, 2007 filed his Amended Complaint. Defendants then moved to dismiss the Amended Complaint. The motion and all nondispositive matters in this case have been referred to Magistrate Judge William McCurine for report and recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

   On May 16, 2008, Judge McCurine issued his report and recommendation (the "R&R") recommending denial of Defendants' motion to dismiss the Amended Complaint. Defendants filed objections to the R&R, to which Plaintiff then filed a reply.

   A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case

1 is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, this Court reviews those parts of the report and recommendation to which a party has filed a written objection.

Plaintiff's allegations are essentially that he had filed a grievance about Defendant Bach while at another institution, which resulted in Defendant Bach being restricted from certain duties. When Plaintiff was transferred to Calipatria State Prison, he alleges Defendant Bach, who was now working there, recognized him. He alleges that the next day, Defendant Bach, together with the other Defendants, engaged in retaliatory acts, beginning by falsifying charges that he threatened a new cellmate. He alleges Defendants later attacked him, twisted his arms behind his back, handcuffed him in a manner that violated medical orders, slammed his head against a wall, and destroyed or took his legal papers and property.

The R&R interpreted the Amended Complaint as alleging, among other things, that Defendants engaged in this behavior in order to chill Plaintiff from making further use of the prison grievance process. (R&R, 7:2–6.) Defendants object to the R&R on two grounds. First, they argue, Plaintiff never alleged he attempted or would have attempted to engage in First Amendment-protected activities this retaliation could have chilled. Second, they argue Plaintiff has failed to allege the attack was for the purposes of preventing him from making use of the prison grievance system or otherwise violating his Constitutional rights. Defendants argue the R&R goes too far in interpreting the Amended Complaint by providing allegations Plaintiff has not made. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (while civil rights complaints filed *pro se* are construed liberally, such a construction "may not supply essential elements of the claim that were not initially pled") (citation omitted).

Part of the confusion may result from the application of an old and now incorrect standard for motions to dismiss. The motion was briefed by both parties as governed by the "no set of facts" standard originally set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). This holding has since

1  been rejected by the Supreme Court in *Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955,
2  1968–69 and n.8 (2007). Rather than the standard set forth in *Conley*, the Court applies the more usual
3  standard of accepting all allegations of material fact as true and construing them in the light most
4  favorable to the non-moving party — here, Plaintiff. *Cedars-Sinai Medical Center v. National League
5  of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). The R&R is therefore
6  **MODIFIED** to incorporate this new standard.

7      In examining a claim's sufficiency, as opposed to its substantive merits, the Court ordinarily
8  looks "only to the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable
9  Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "It is not . . . proper to assume that [a plaintiff] can
10 prove facts that [he] has not alleged or that the defendants have violated the [laws] in ways that have
11 not been alleged." *Bell*, 127 S.Ct. at 1969 n.8 (citation omitted).

12     Here, the Amended Complaint attempted to incorporate by reference all allegations included
13 in the original complaint and other pleadings. (Am. Compl., 1:17–20.) While the Federal Rules of
14 Civil Procedure do not prohibit this, *see, e.g.*, Fed. R. Civ. P. 10(c), this is not permitted under the
15 Civil Local Rules. *See* Civil Local Rule 15.1 ("Unless prior approval is obtained from the court, every
16 pleading to which an amendment is permitted as a matter of right or has been allowed by court order,
17 shall be retyped and filed so that it is complete in itself without reference to the superseded pleading.")

18     The R&R correctly inferred Plaintiff's meaning, apparently aided partly by prior pleadings and
19 partly from the factual context of the claim as set forth in the Amended Complaint. Defendants are
20 correct that the Amended Complaint never explicitly makes the allegations the R&R relies on. It is
21 nevertheless clear Plaintiff did mean to make these allegations, and Plaintiff says as much in his
22 opposition to Defendants' motion to dismiss (Docket no. 42), his sur-reply to the same motion (Docket
23 no. 45), and his reply to Defendants' objections to the R&R (Docket no. 48). (Opposition to Mot. to
24 Dismiss at 2:4–13; Sur-Reply Mot. to Dismiss at 2:3–12; Reply to Obj. to R&R at 2:12–23 (citing Am.
25 Compl. at 2:20–22, 4:2–4, 4:25–5:6).)

26     Ordinarily, the Amended Complaint would be dismissed for failure to state a claim and
27 Plaintiff would be permitted to amend his complaint a second time to add the allegations he intended
28 to add but, because of local rules requirements, did not. In this situation, however, the R&R explains

what Plaintiff intended to allege and what he has affirmed he believes he did allege. Particularly in light of Plaintiff's allegations that his legal supplies, including his typewriter, were taken from him (Opp'n to Mot. to Dismiss at 2:11–15), the Court considers the formality of filing a second amended complaint unnecessarily burdensome. Therefore, the Amended Complaint is deemed **AMENDED** as of the date this order is issued, and will henceforth be construed as the R&R recommends. The Amended Complaint (Docket no. 36), as construed by the R&R (Docket no. 46), will constitute the operative complaint. Plaintiff is cautioned, however, that these two documents together set forth all his allegations and claims. If he wishes amend his complaint again to add claims or allege facts not set forth in the Amended Complaint as interpreted by the R&R, he must first seek and receive leave from the Court.

Defendants' objections are **SUSTAINED** to the limited extent described above. In all other respects, they are **OVERRULED** and the Court **ADOPTS** the R&R as modified herein.

**IT IS SO ORDERED**.

DATED: September 12, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge