UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE P. NWANDU,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>SERGEANT V. BACH, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 06-CV-0999 MMA (WMc)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS TO REPORT; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　　Pending before the Court is the Report and Recommendation of Magistrate Judge William McCurine, Jr., filed on April 21, 2010, recommending that the Court deny Defendants' motion for summary judgment on the excessive force and deliberate indifference claims as well as their affirmative defense of qualified immunity, but grant Defendants' motion on the retaliation and conspiracy claims in this prisoner's civil rights action. [Doc. Nos. 96 and 83]  Both parties filed objections and replies. [Doc. Nos. 97, 99, 100, & 102]  Because neither party identified any error in the Magistrate Judge's thorough examination of the record or his clear analysis of the governing law, the Court overrules the objections and adopts the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

**A.　Defendants' Objections**

　　　　The Magistrate Judge recommended that the Court deny Defendants' summary judgment motion on Plaintiff's claims of excessive force and deliberate indifference to medical needs because there were genuine and material factual disputes.  Defendants object to that

1  recommendation on the ground that Plaintiff's version of the events is implausible, therefore, more
2  than his declaration should have been required to defeat the summary judgment motion on those
3  two claims.  *Cf. SEC v. Phan*, 500 F.3d 895 (9th Cir. 2007) (district court erred by disregarding
4  parties' "uncorroborated and self-serving" declarations describing conflicting version of facts).

5        The Court overrules the objections.  "Credibility determinations, the weighing of the
6  evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a
7  judge, [when] he is ruling on a motion for summary judgment.  The evidence of the non-movant is
8  to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty*
9  *Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Here, Plaintiff defeated the summary judgment on two
10 claims, in part, with his own affidavit in which he stated facts within his personal knowledge.
11 *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (a party's declaration can often be
12 self-serving, but "properly so, because otherwise there would be no point in his submitting it");
13 *Leslie v. Grupo ICA*, 198 F.3d 1152 (9th Cir. 1999) (non-moving party's declaration of own
14 actions was direct evidence and could not be disregarded as "sham" or "incredible").  Accordingly,
15 the disputed facts must be resolved in trial.

16       The Court also agrees with the Magistrate Judge's conclusion that Defendants are not, as a
17 matter of law, entitled to qualified immunity when the facts are considered from Plaintiff's point
18 of view.

19 **B.**     **Plaintiff's Objections**

20       Turning to Plaintiff's objections, he largely repeats the contentions he made to oppose the
21 summary judgment motion.  The Court has read with care his *pro se* objections, but concludes that
22 the Magistrate Judge fairly and appropriately applied the facts in the record to the elements of his
23 retaliation and conspiracy claims.

24       The fact that Defendants allegedly injured Plaintiff's wrists and damaged his typewriter –
25 thereby impairing his ability to communicate by writing or typing – does not establish a First
26 Amendment violation.  As the Magistrate Judge stated, Plaintiff failed to establish causation.  In
27 addition, the evidence showed that Plaintiff continued to exercise his First Amendment rights by
28 filing at least fourteen grievances after the incident.

Accordingly, the Court overrules Plaintiff's objections.

In sum, the Magistrate Judge correctly analyzed Defendants' summary judgment motion. The Court denies Defendants' motion on Plaintiff's excessive force and deliberate indifference to medical needs causes of action, which are based upon the Eighth Amendment. The Court denies the motion to the extent that it sought summary adjudication of the qualified immunity defense. The Court grants Defendants' motion on the claims of retaliatory property deprivation and conspiracy under the First and Fourteenth Amendments.

**C.     Dismissal of Defendants Davila and Taylor**

One clarification. The Report lists Defendants Bach and Castillo as the only named defendants in the two causes of action that will proceed to trial. Report at 8. Similarly, the opening and opposition briefs explicitly refer to the defendants by name, that is, the parties treated Bach and Castillo as the specific defendants named in the excessive force and deliberate indifference causes of action, and discussed only Davila and Taylor in connection with the deprivation of property cause of action. [Doc. Nos. 83 & 87]  (All four defendants were named in the conspiracy count, but Defendants prevailed on their summary judgment motion.)  It appears, therefore, that co-defendants Davila and Taylor could be dismissed from the action. The Report does not address the issue, however, which raises a procedural question of notice and a substantive issue on liability.

The underlying record is ambiguous as to the Plaintiff's intent to hold all four defendants liable for all claims.[1]  The Court is cognizant of its obligations to liberally construe the *pro se*'s

---

[1] For example, Plaintiff's original complaint contained factual allegations connecting Davila and Taylor to the excessive force claims. *E.g.*, Compl. at 36 (all four guards named in excessive force); *id.* at 36-38 & 68-69 (Pl.'s Sworn Decl. names Bach and Castillo as "chief perpetrators" and Davila and Taylor as "accomplices" in use of excessive force and alleging Davila and Taylor filed false reports to justify use of force). Plaintiff's second amended complaint, which is the operative pleading, contains comparable allegations. *E.g.*, SAC ¶¶ 19-23 (alleging Davila told Plaintiff to cuff up; alleging Davila and Taylor watched Bach and Castillo use wrist cuffs it even though Plaintiff had advised guards of his "medical chrono for waist-chain restraints due to shoulder arthritic pain"; alleging Davila, Castillo, and Taylor watched Bach slam Plaintiff's head into concrete wall, "chorously sounded out 'oooooooh,'" and failed to stop allegedly illegal use of force to restrain Plaintiff and alleging all four Defendants ignored medical condition); *compare id.* ¶ 55 (naming all four defendants in excessive force claim), ¶ 56 (naming only Bach and Castillo in deliberate indifference claim for relief), *id.* at 13, ¶ 2 (requesting relief against all four for use of excessive force and disregard of medical condition).

1  pleadings and to ensure that the merits of the civil rights claims are not trumped by technicalities.
2  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  Here, Defendants
3  notified Plaintiff of the requirement to submit evidence to oppose the motion, and the consequence
4  that if the Court granted their summary motion, that his entire case would end without a trial.
5  *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).  [Doc. No. 83]   Moreover, the District
6  Court's orders distinguish between the two guards named in the excessive force claim (Bach and
7  Castillo) and the two involved in the deprivation of property claim (Davila and Taylor).[2]  *E.g.*,
8  Order Adopting Report and Recommendation as Modified at 4 & 7 (listing two defendants in
9  excessive force and deliberate indifference claims).  [Doc. No. 35]  As to the procedural issue, the
10 Court concludes that Plaintiff had fair notice that the summary judgment motion distinguished
11 between the two sets of actors and that Davila and Taylor were not named as defendants in the
12 excessive force and deliberate indifference claims.
13      The substantive issue is whether Plaintiff could show that each defendant caused the
14 Constitutional violation so as to avoid the dismissal of Davila and Taylor.

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]."  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.

19 *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740,
20 743 (9th Cir.1978) (emphasis added)).  The Supreme Court recently cautioned courts to examine
21 whether "each Government-official defendant, through the official's own individual actions, has
22 violated the Constitution."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  The Court has
23 reviewed the underlying evidence, and while Davila and Taylor were witnesses to the alleged use
24 of excessive force and the disregard of Plaintiff's medical condition, the Court concludes that they
25 could not be held personally liable for those Eighth Amendment claims.  *See Ivey v. Board of*

---

[2] One of the Magistrate Judge's Reports listed all four defendants in the deliberate indifference claim in reliance on Plaintiff's original complaint.  Report and Recommendation of U.S. Magistrate Judge Granting in part and Denying in part Defs.' Mot. to Dismiss Pl.'s Compl. at 3.  [Doc. No. 19] That version of the complaint has been superceded by the Second Amended Compl.  [Doc. No. 49]

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (court need not supply essential elements omitted or vaguely stated by *pro se*). Davila and Taylor did not personally participate in placing Plaintiff in handcuffs. That conduct forms part of the factual basis of Plaintiff's claim of excessive force and deliberate indifference to his medical condition because he alleges that Bach ignored his arthritis and forcibly pulled Plaintiff's hands behind his back despite his request for waist restraints. Plaintiff has always alleged that Davila and Taylor remained in his cell to inventory and impound Plaintiff's property while Bach and Castillo escorted Plaintiff away in handcuffs. Thus, only Bach and Castillo were involved in the conduct that underlies Plaintiff's allegations of further assault and subsequent disregard of his medical needs. Accordingly, the Court dismisses Davila and Taylor from the action because the claims against them have been summarily adjudicated.

**D.     Remaining Pretrial Dates & Consent to Magistrate Judge's Jurisdiction**

On October 6, 2009, the pretrial conference date was vacated pending resolution of the summary judgment motion. [Doc. Nos. 52 & 81] The Court requests the Magistrate Judge to issue an amended scheduling order to set the remaining pretrial dates in this civil action.

The Court notes that this case has been pending for more than three years. However, the Court has a heavy trial calendar, making it unlikely that Plaintiff will obtain a trial date before the end of this year. Noting that the parties have not considered consenting to the Magistrate Judge's jurisdiction for some time, the Court invites the parties to once again consider consenting to the Magistrate Judge's jurisdiction. 28 U.S.C. § 636(c). The Court makes this suggestion solely because it appears that consenting to the Magistrate Judge's jurisdiction could lead to a quicker resolution of Plaintiff's claims. The Court advises the parties that they are free to withhold consent without adverse substantive consequences. 28 U.S.C. § 636(c)(2). For the parties' convenience, the Court has attached a blank consent form to this Order.

///
///
///
///

### CONCLUSION AND ORDER

1. Plaintiff's and Defendants' objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** [Doc. Nos. 97 & 99];

2. The Report and Recommendation is **ADOPTED** [Doc. No. 96];

3. Defendants' motion for summary judgment is **DENIED IN PART AND GRANTED IN PART** [Doc. No. 83];

4. The Clerk shall terminate Defendants Davila and Taylor from this action;

5. The Magistrate Judge will issue an Amended Scheduling Order.

**IT IS SO ORDERED.**

DATED: June 15, 2010

*Michael M. Anello* (signature)

Hon. Michael M. Anello
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE P. NWANDU, <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT V. BACH, et al., <br><br> Defendant. | Civil Case No. <br><br> **NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names* | *Signatures of parties and attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## REFERENCE ORDER

**IT IS ORDERED:** This case is referred to United States Magistrate Judge _____ to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____  _____
                                                         United States District Judge