# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE P. NWANDU,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br><br>SERGEANT V. BACH, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 06-CV-999 MMA (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE;**<br><br>[Doc. No. 108]<br><br>**(2) NOTING REFERRAL TO SAN DIEGO VOLUNTEER LAWYERS PROGRAM PER LOCAL RULE 83.8** |

On May 5, 2006, Plaintiff Jude P. Nwandu, a prisoner currently incarcerated at Ironwood State Prison, filed this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. [Doc. No. 1.] The Court denied without prejudice Plaintiff's motion for appointment of counsel, and granted the motion to proceed in forma pauperis. [Doc. No.4.] On October 10, 2006, Defendants filed a Motion to Dismiss. [Doc. No. 13.] On September 28, 2007, the Court adopted the Magistrate Judge's Report and Recommendation as Modified, dismissing Plaintiff's conspiracy claim without prejudice, denying Defendants' request for qualified immunity without prejudice, and granting in part the motion to dismiss on Eleventh Amendment grounds. [Doc. No. 35.] On October 29, 2007, Plaintiff filed an Amended Complaint. [Doc. No. 36.] Plaintiff then sought leave to file a Second Amended Complaint, which this Court granted. [Doc. No. 78.] The Second Amended Complaint is the

operative pleading. [Doc. No. 80.] On November 9, 2008, Defendants filed a Motion for Summary Judgment. [Doc. No. 83.] The Court, adopting the Magistrate Judge's Report and Recommendation, Granted in Part and Denied in Part the Motion for Summary Judgment. [Doc. No. 104.] Plaintiff's claims for violations of his Eighth Amendment rights to be free from the use of excessive force and to be free from deliberate indifference to his medical needs, having withstood Defendants' Motion for Summary Judgment, are set to be heard at trial. Plaintiff has filed the instant second motion requesting that counsel be appointed for him pursuant to 28 U.S.C. § 1915(e)(1). [Doc. No. 108.]

**I.    Standard for Appointment of Counsel per 28 U.S.C. § 1915(e)(1)**

"There is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff repeats his request that this Court appoint counsel because, *inter alia*, his case has survived summary judgment, and the balance of the parties' abilities to litigate the case tips in favor of Defendants because defense counsel is trained and experienced in the law. See Pl.'s Mem. P.&A. at 1-3. The Court finds, however, that Plaintiff does appear to have a sufficient grasp of his case as well as the legal issues involved. See Terrell, 935 F.2d at 1017. He has already articulated the basis for, and has pointed to evidence in the record in support of, his Eighth Amendment claims sufficiently to withstand the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, Defendants' Motion

1 to Dismiss, as well as Defendants' Motion for Summary Judgment. [Doc. No. 104.] Thus, because Plaintiff cannot satisfy the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1), Plaintiff's Motion for Appointment of Counsel must be **DENIED** without prejudice.

However, Plaintiff has articulated that he anticipates some difficulties in preparing and presenting his case at trial, which are not derived from the complexity of the issues involved. See Pl.'s Mem. P.&A. at 4-6.  In light of Plaintiff's concerns, and because the Court has already found that the interests of justice would surely be served were Plaintiff represented by counsel throughout the final pre-trial preparations and the trial itself, the Court notes for the record that it has contacted the San Diego Volunteer Lawyer Program and is in the process of submitting Plaintiff's case for referral pursuant to S.D. CAL. CIV.LR 83.8.  Plaintiff is hereby cautioned that this referral does not guarantee that attorney assistance will necessarily be offered or made available to him; this Order merely clarifies that a discretionary request has been made and that the Volunteer Lawyer Program is currently in the process of soliciting and/or acquiring possible pro bono counsel for him.

## II.     Conclusion and Order

Accordingly, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required by 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel [Doc. No. 108] pursuant to 28 U.S.C. § 1915(e)(1).

However, Plaintiff's case has been and is hereby REFERRED to the San Diego Volunteer Lawyer Program pursuant to S.D. CAL. CIVLR 83.8(a) for purposes of investigating the potential for pro bono representation on Plaintiff's behalf.

**IT IS SO ORDERED.**

DATED: October 20, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge