UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE P. NWANDU, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SERGEANT V. BACH, et al. ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06CV999 WMc <br><br> **ORDER: (1) DENYING REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [DOC. N0. 146.]; AND** <br><br> **(2) RE: REFERRAL TO NINTH CIRCUIT PRO BONO PROGRAM** |

## I. INTRODUCTION

On March 25, 2011, Plaintiff *pro se* filed a motion to appoint counsel. [Doc. No. 146.] The Court has reviewed Plaintiff's motion and attachments in support thereof and **DENIES** Plaintiff's request without prejudice for the reasons detailed below.

## II. STANDARD OF REVIEW

In general, there is no right to the appointment of counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). In such a case, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court,* 490 U.S. 296, 310 (1989). However, district courts are granted discretion under 28 U.S.C. § 1915(e)(1) to appoint *pro bono* counsel for indigent persons if exceptional circumstances are shown. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the "likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be

1  viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331
2  (9th Cir. 1986)).

3      Here, the court's consideration of the likelihood of success on the merits prong weighs in favor
4  of appointment of counsel. Plaintiff's excessive force and deliberate indifference claims have survived
5  Defendant's motion for summary judgment. Although advancing past the summary judgment stage does
6  not guarantee success at trial, surviving summary judgment does indicate the excessive force and
7  deliberate indifference claims will proceed to trial.

8      As for the second inquiry needed to find exceptional circumstances, the Court has considered the
9  complexity of the legal issues involved and Plaintiff's ability to articulate his claims *pro se* and finds
10 these factors mitigate against appointment of counsel. This Court has observed Plaintiff deftly navigate
11 discovery and motion practice as well as participate in oral argument with flair. Plaintiff's claims are
12 not complex and the Court's observation of Plaintiff's handling of his case thus far leads to the
13 conclusion that Plaintiff is able to present his claims at trial without assistance. Plaintiff's limited access
14 to the prison library or other legal resources by virtue of his incarceration is not an extraordinary
15 circumstance and is, in fact, encountered by all inmates proceeding *pro se.*

16     The Court notes that on October 20, 2010 District Judge Anello referred Plaintiff's case to the
17 San Diego Volunteer Lawyers Program ("SDVLP") in accordance with Local Rule 83.8.(a) "for
18 purposes of investigating the potential for pro bono representation on Plaintiff's behalf." [*See* October
19 20, 2010 Order at Doc. No 117.]. On February 8, 2011, the SDVLP notified Plaintiff that it was unable
20 to place his case with a volunteer attorney. [*See* Doc. No. 146-1 at p. 3.]  Citing the Court's earlier order
21 finding referral appropriate, Plaintiff requests the Court inquire into other sources of pro bono represen-
22 tation to assist him at trial. Given the intricacies of trial practice, which are unrelated to the complexity
23 of Plaintiff's claims, and Judge Anello's prior order of referral, the Court will make a second referral of
24 Plaintiff's case to the Ninth Circuit Pro Bono Program. As indicated in the Court's last order of
25 reference, the instant referral "does not guarantee that attorney assistance will necessarily be offered or
26 made available to him." [*Id.* at Doc. No. 117, 3:10-11.] **Plaintiff is hereby advised that if the Court**
27 **is unable to locate counsel to assist with Plaintiff's case pro bono, Plaintiff is required to proceed**
28 ***pro se.*** **The Court will <u>not</u> appoint at the government's expense.** *See Aldabe v. Aldabe*, 616 F.2d

1089, 1093 (9th Cir. 1980) (holding there is no right to appointment of counsel at government expense in civil rights litigation.)

### III.  CONCLUSION AND ORDER THEREON

The Court finds Plaintiff has failed to plead facts required to show exceptional circumstances in accordance with 28 U.S.C. § 1915(e)(1).  Thus, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

Nevertheless, Plaintiff's case has been and is hereby **REFERRED** to the Ninth Circuit Pro Bono Program under S.D. Cal. CIVLR 83.8(a) for purposes of investigating the potential for pro bono representation on Plaintiff's behalf.

**IT IS SO ORDERED.**

DATED: April 8, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court